Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
Emily E. Geier (*pro hac vice* admission pending)
AnnElyse Scarlett Gains (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:          (212) 446-4800
Facsimile:          (212) 446-4900

-and-

Joshua M. Altman (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:          (312) 862-2000
Facsimile:          (312) 862-2200

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Brian H. Richardson (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:          (804) 644-1700
Facsimile:          (804) 783-6192

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| PIER 1 IMPORTS, INC., *et al.*,[1] | Case No. 20-30805 |
| Debtors. | (Joint Administration Requested) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## (I) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND
## ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2]

respectfully state as follows in support of this motion (this "Motion"):

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief*, filed contemporaneously herewith. The location of the Debtors' service address is 100 Pier 1 Place, Fort Worth, Texas 76102.

[2]   A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Robert J. Riesbeck, Chief Executive Officer of Pier 1 Imports, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration or as later defined herein, as applicable.

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) establishing certain notice, case management, and administrative procedures, attached as **Exhibit 1** to the Order (the "Case Management Procedures"), which: (i) direct that matters requiring notice under rule 2002(a)(2)–(6) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") will be served only to individuals and entities identified on a shortened mailing list and those creditors who, in accordance with rules 2002-1 and 9013-1(M) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), file with the Court a request that they receive such notice pursuant to Bankruptcy Rule 2002; (ii) allow electronic service of all documents (except complaints and summonses) for the 2002 List (as defined in the Case Management Procedures); and (iii) direct that all matters be heard at periodic omnibus hearings to be scheduled in advance by the Court; (b) approving the notice of commencement substantially in the form of **Exhibit 2** to **Exhibit A** attached hereto; and (c) granting related relief.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9007, and Local Bankruptcy Rules 5005-2 and 9013-1(M).

## Background

5.      The Debtors are a leading omni-channel retailer of unique home décor, furniture, and accessories.  Their retail approach has focused on providing the discerning customer a curated mix of home goods from artisans around the world.  The Debtors offer their merchandise through 923 stores throughout the United States and Canada as well as online through their U.S. e-commerce website.  The Debtors are headquartered in Fort Worth, Texas and currently employ approximately 17,000 non-seasonal employees.  On January 6, 2020, the Debtors announced the closing of up to 450 of their stores, and in connection with the filing of these chapter 11 cases, the Debtors announced the closing of all Canadian operations.

6.      The Debtors commenced these chapter 11 cases to facilitate a timely and efficient process that will maximize the value of the Debtors' estates for the benefit of all stakeholders.  The Debtors anticipate winding down the brick-and-mortar stores not part of their go-forward plan and will seek to implement a value-maximizing going-concern transaction for the remaining operations.

7.      As of the Petition Date, each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors will also file for relief under the Companies' Creditors Arrangement Act (Canada).  The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy

Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Case Management Procedures

8.    The Debtors have thousands of potential creditors who, along with other parties in interest in these chapter 11 cases, may file requests for service of filings pursuant to Bankruptcy Rule 2002 (the "2002 List").[3]  The Debtors also expect that numerous motions and applications will be filed in these chapter 11 cases in pursuit of various forms of relief.

9.    As contemplated by the Case Management Procedures, with the advance scheduling of periodic omnibus hearings, parties in interest—as well as the Debtors—will be better able to plan for and schedule attendance at hearings.  Such forethought will reduce the need for emergency hearings and requests for expedited relief, and will foster consensual resolution of important matters.  Moreover, by directing that certain notices be mailed only to recipients named on a shortened mailing list and those creditors that file a request with the Court to receive such notices, all parties in interest will be assured of receiving appropriate notice of matters affecting their interests and ample opportunity to prepare for and respond to such matters.

10.    Further, a shortened mailing list will significantly reduce the substantial administrative and financial burden that would otherwise be placed on the Debtors' estates and other parties in interest that file documents in these chapter 11 cases.  Similarly, allowing electronic service of documents to those parties listed on the 2002 List in accordance with the Case Management Procedures will further reduce the administrative and financial burden on the

---

[3]    Bankruptcy Rule 2002(i) provides, in pertinent part:  "[T]he court may order that notices . . . be transmitted to the United States trustee and be mailed only to the committees elected under § 705 or appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them."

4

Debtors' estates, as well as on other serving parties, and will, in many cases, allow for more expedient service of documents.

11.     Finally, the Debtors' proposed notice and claims agent, Epiq Corporate Restructuring, LLC ("Epiq"),[4] intends to establish a case website available at https://dm.epiq11.com/Pier1 (the "Case Website") where, among other things, electronic copies of all pleadings filed in these chapter 11 cases will be posted as soon as practicable, but in any event within three business days of filing, and may be viewed free of charge.

12.     As noted above, the Case Management Procedures proposed herein are set forth in detail and attached as Exhibit 1 to **Exhibit A** hereto.  The Case Management Procedures will be (a) distributed to the Core Group (as defined in the Case Management Procedures) and the 2002 List with the *Notice of Commencement of the Chapter 11 Cases* (to save mailing costs) and (b) available at all times on the Case Website.  Moreover, the Debtors will redistribute the Case Management Procedures to the 2002 List in the event the Case Management Procedures are modified.

**I.    Notice Procedures.**

13.     Given the administrative cost of mailing notices to all of the Debtors' creditors and parties in interest in these chapter 11 cases, the Debtors request that the mailing matrix for matters requiring notice under Bankruptcy Rule 2002(a)(2)–(6) be limited in accordance with the Case Management Procedures.

14.     The Case Management Procedures will not, however, affect the Debtors' obligation to give notice to all creditors, parties in interest, and, where applicable, equity security holders of

---

[4]    Contemporaneously herewith, the Debtors filed with the Court the *Debtors' Application for Entry of an Order Pursuant to 28 U.S.C. § 156(c) (I) Approving the Retention and Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent to the Debtors, Effective* Nunc Pro Tunc *to the Petition Date and (II) Granting Related Relief*, seeking approval to retain Epiq as notice and claims agent.

5

(a) the meeting of creditors, (b) the dismissal or conversion of the Debtors' chapter 11 cases to another chapter under the Bankruptcy Code, (c) the time fixed to accept or reject a proposed modification of a chapter 11 plan, (d) the time fixed for filing proofs of claim, (e) the time fixed for filing objections to and the hearing on the disclosure statement and confirmation of the chapter 11 plan (which incorporates any sale of assets), or (f) entry of an order confirming a chapter 11 plan.  In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006, and 4007(a)-(c), and Local Bankruptcy Rule 2002-1(E).

## II.    Electronic Service.

15.    The Debtors also request that the Court allow electronic service (where available) of documents to the 2002 List to further reduce the administrative and financial burden of providing notice to the Debtors' creditors and other parties in interest.  The Case Management Procedures contain provisions that the Debtors believe will ensure that electronic service is efficient and effective.  Accordingly, the Debtors request that the Court implement certain procedures (the "Administrative Procedures") in accordance with (a) Local Bankruptcy Rule 5005-2 and (b) the Court's Case Management/Electronic Case Files Policy (the "CM/ECF Policy").

16.    Further, the Debtors request that the filing deadlines should not require three additional days' notice as set forth in Rule 6(e) of the Federal Rules of Civil Procedure (indirectly made applicable to contested matters by Bankruptcy Rule 9014(b) and to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D) and Bankruptcy Rule 9006(f)).

## III.    Periodic Omnibus Hearings.

17.    Given the number of parties in interest and the size and complexity of these chapter 11 cases, the Debtors respectfully request entry of an order scheduling periodic omnibus

6

hearings (the "Omnibus Hearings"), to be determined in consultation with the Office of the

United States Trustee for the Eastern District of Virginia (the "U.S. Trustee") in accordance with

the Case Management Procedures and subject to the Court's schedule.  The Debtors will send

notices of the Omnibus Hearings to the Core Group and 2002 List when the Omnibus Hearings

are scheduled, post the schedule of Omnibus Hearings on the Case Website, and file notices of

additional Omnibus Hearings on a periodic basis with the Court.

### Basis for Relief

18.     The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules

provide the Debtors with the authority to establish notice, case management, and administrative

procedures.  In particular, Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the

Court, notice of certain matters must be given to, among others, all of the Debtors' creditors, equity

security holders, and other parties in interest.  Fed. R. Bankr. P. 2002(a).  The Bankruptcy Rules

further provide that "[t]he court may from time to time enter orders designating the matters in

respect to which, the entity to whom, and the form and manner in which notices shall be sent except

as otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007

("When notice is to be given under these rules, the court shall designate, if not otherwise specified

herein, the time within which, the entities to whom, and the form and manner in which the notice

shall be given.").

19.     In addition, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad

authority and discretion to enforce the provisions of the Bankruptcy Code either under specific

statutes or under equitable common law principles.  Specifically, section 105(a) of the Bankruptcy

Code provides:

> The court may issue any order, process, or judgment that is
> necessary or appropriate to carry out the provisions of this title. No
> provision of this title providing for the raising of an issue by a party
> in interest shall be construed to preclude the court from, *sua sponte*,
> taking any action or making any determination necessary or
> appropriate to enforce or implement court orders or rules, or to
> prevent the abuse or process.

11 U.S.C. § 105(a).

20.     Section 102(1) of the Bankruptcy Code states that where the Bankruptcy Code

provides for an action to occur "after notice and a hearing," such action may occur "after such

notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is

appropriate in the particular circumstances . . . ." 11 U.S.C. § 102(1)(A).

21.     As explained above, these chapter 11 cases are large, complex, and involve

thousands of creditors and parties in interest, many of whom will have multiple concerns that may

result in the filing of numerous pleadings, notices pursuant to Bankruptcy Rule 2002, and requests

for service that could very well lead to numerous, fragmented hearings. The costs and burdens

associated with multiple hearings per month, plus the costs associated with copying, mailing,

overnighting, or otherwise serving paper copies of all filings, will impose economic and

administrative burdens on the Debtors' estates, the Court, and all other parties in interest.

Moreover, constant mass mailings will require the Debtors and their advisors to divert their limited

resources away from reorganizing their business. Therefore, the Debtors submit that electronic

notice, whenever possible, should be permitted to alleviate this burden.

22.     Further, pursuant to the Administrative Procedures, a registered CM/ECF user

"consents to receive notice and service by electronic means, which shall constitute proper service,"

and furthermore, "[i]f the recipient of notice or service is a registered participant, service of the

'Notice of Electronic Filing' shall be the equivalent of service of the filing by first class mail,

postage prepaid." *See* CM/ECF Policy 9. Pursuant to the Case Management Procedures, all parties

in these cases who are registered participants in the Court's CM/ECF system will receive a "Notice of Electronic Filing" via electronic mail whenever a filing is effected, which will provide additional notice to such parties.  Although email is nearly universally available, if a party cannot reasonably obtain access to email, then such party may seek an exemption pursuant to the Case Management Procedures to receive paper copies.  Therefore, no party will be adversely affected by the proposed email service set forth herein.

23.    The Debtors respectfully submit that adopting the Case Management Procedures will substantially reduce administrative burdens and result in substantial cost savings to the Debtors' estates because of the reduction of time and money the Debtors will have to expend. Pursuant to the Case Management Procedures, all parties in interest that may be directly affected by a request for relief, response, objection, or adversary proceeding filed with the Court will receive notice thereof directly from the entity submitting such documents to the Court well in advance of the relevant hearing.  Thus, no party in interest will be adversely affected.

24.    Courts in this district have routinely granted similar case management procedures to reduce the expense of administering large chapter 11 cases.  *See, e.g.*, *In re Gemstone Solutions Group, Inc.*, No. 19-30258 (KLP) (Bankr. E.D. Va. Jan. 17, 2019); *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. Sept. 21, 2017); *In re The Gymboree Corp.*, No. 17-32986 (KLP) (Bankr. E.D. Va. June 12, 2017); *In re Penn Virginia Corp.*, No. 16-32395 (KLP) (Bankr. E.D. Va. May 16, 2016); *In re Alpha Nat. Res., Inc.*, No. 15-33896 (KRH) (Bankr. E.D. Va. Aug. 5, 2015).[5]

25.    The establishment of the Case Management Procedures will promote the efficient and orderly administration of these chapter 11 cases.  Indeed, authorizing the Debtors to serve their

---

[5]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

documents on a limited mailing matrix will ease the administrative and economic burdens on the Court and the Debtors' estates.  Authorizing electronic service in these chapter 11 cases for the 2002 List will also allow for efficient and effective service at a significantly reduced cost to the Debtors' estates and other serving parties.  Early notice of Omnibus Hearings to all parties in interest will enable these parties to plan efficiently for the use of hearing time, will avoid the need for numerous hearings within each month, and will lessen the burden on the Court and on the Debtors' estates.  Additionally, parties in interest will still have the opportunity to bring true emergency matters before the Court on an expedited basis pursuant to the Local Bankruptcy Rules and the Case Management Procedures.

26.     Accordingly, for the reasons stated herein, the Debtors believe the Case Management Procedures are appropriate and should be approved and implemented in the chapter 11 cases.

### Waiver of Memorandum of Points and Authorities

27.     The Debtors respectfully request that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

### Notice

28.     The Debtors will provide notice of this Motion via first class mail, facsimile or email (where available) to:  (a) the United States Trustee for the Eastern District of Virginia, Attn: Kenneth N. Whitehurst III and Shannon F. Pecoraro; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the DIP Agents and their respective counsel thereto; (e) the indenture trustee to the Debtors' industrial revenue bonds; (f) counsel to the ad hoc

group of term loan lenders; (g) the lenders under certain Company-owned life insurance policies;
(h) the Debtors' Canadian counsel; (i) the United States Attorney's Office for the Eastern District
of Virginia; (j) the Internal Revenue Service; (k) the office of the attorneys general for the states
in which the Debtors operate; (l) the Securities and Exchange Commission; and (m) any party that
has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The
Debtors submit that, in light of the nature of the relief requested, no other or further notice need
be given.

### No Prior Request

29.     No prior request for the relief sought in this Motion has been made to this or any
other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Richmond, Virginia
Dated:  February 17, 2020

*/s/ Jeremy S. Williams*

**KUTAK ROCK LLP**
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Brian H. Richardson (VA 92477)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:      (804) 644-1700
Facsimile:      (804) 783-6192
Email:      Michael.Condyles@KutakRock.com
         Peter.Barrett@KutakRock.com
         Jeremy.Williams@KutakRock.com
         Brian.Richardson@KutakRock.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.
(*pro hac vice* admission pending)
Emily E. Geier (*pro hac vice* admission pending)
AnnElyse Scarlett Gains
(*pro hac vice* admission pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:      joshua.sussberg@kirkland.com
         emily.geier@kirkland.com
         annelyse.gains@kirkland.com

**-**and-

Joshua M. Altman (*pro hac vice* admission pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:      josh.altman@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**Exhibit A**

**Proposed Order**

Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
Emily E. Geier (*pro hac vice* admission pending)
AnnElyse Scarlett Gains (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900

-and-

Joshua M. Altman (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Brian H. Richardson (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:        (804) 644-1700
Facsimile:        (804) 783-6192

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PIER 1 IMPORTS, INC., *et al.*,[1] | ) | Case No. 20-30805 |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## ORDER (I) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) authorizing the Debtors to establish certain notice, case management, and administrative procedures and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* filed contemporaneously herewith.  The location of the Debtors' service address is 100 Pier 1 Place, Fort Worth, Texas 76102.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and that this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Case Management Procedures attached as **Exhibit 1** hereto are hereby approved and shall govern all applicable aspects of the chapter 11 cases, including, among other things, establishing the following deadlines:

   a.    ***Objections***.  Unless otherwise ordered by the Court, objections to matters scheduled to be heard at an Omnibus Hearing shall be filed no later than 7 calendar days before the applicable hearing date if the filing is served at least 21 calendar days prior to the applicable hearing date, or 3 calendar days before the applicable hearing date if the filing is served less than 21 calendar days but at least 14 calendar days prior to the applicable hearing date; *provided*, that the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

2

        b.      ***Agendas***.  The Debtors' counsel shall file a proposed agenda with regard to the matters that are scheduled to be heard at such Omnibus Hearing no later than the date that is two calendar days prior to each Omnibus Hearing.

3.      The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules shall apply to the chapter 11 cases, except to the extent that they conflict with the Case Management Procedures.

4.      Nothing herein or in the Case Management Procedures shall affect the Debtors' obligations to give notice to all creditors, parties in interest, and, where applicable, equity security holders of (a) the meeting of creditors, (b) a proposed sale of assets pursuant to section 363 of the Bankruptcy Code by motion filed with the Court; (c) the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, (d) the time fixed to accept or reject a proposed modification of a chapter 11 plan, (e) the time fixed for filing proofs of claim, (f) the time fixed for filing objections to and the hearing on the disclosure statement and the confirmation of a chapter 11 plan (which includes any sale of assets), or (g) entry of an order confirming a chapter 11 plan.  In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006, and 4007.

5.      The form of notice of commencement of the chapter 11 cases, attached hereto as **Exhibit 2**, is hereby approved.  Such notice shall be served on all known creditors by Epiq by first class U.S. mail, postage prepaid, no later than five business days after the date of entry of this Order.

6.      The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____
Richmond, Virginia                          _____
                                            United States Bankruptcy Judge

WE ASK FOR THIS:

/s/ Jeremy S. Williams
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Brian H. Richardson (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:      (804) 644-1700
Facsimile:       (804) 783-6192

- and -

Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
Emily E. Geier (*pro hac vice* admission pending)
AnnElyse Scarlett Gains (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900

- and -

Joshua M. Altman (*pro hac vice* admission pending)
300 North LaSalle Street
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Jeremy S. Williams

## **Exhibit 1**

**Case Management Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PIER 1 IMPORTS, INC., *et al.*,[1] | ) | Case No. 20-30805 |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

These notice, case management, and administrative procedures (the "Case Management Procedures") have been approved by the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") for the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* entered on [_____], 2020.

Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules") shall govern all matters in the chapter 11 cases, except to the extent such rules conflict with or are inconsistent with the procedures set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* filed contemporaneously herewith. The location of the Debtors' service address is 100 Pier 1 Place, Fort Worth, Texas 76102.

## I.    Access to Documents.

1.    Epiq, the Debtors' proposed notice and claims agent, maintains a case-specific website at https://dm.epiq11.com/Pier1 (the "Case Website"), where, among other things, electronic copies of all pleadings filed in the chapter 11 cases shall be posted as soon as practicable, but not later than three business days after filing and may be viewed free of charge. Additionally, electronic copies of all pleadings and documents are available for a fee via PACER on the Court's website at http://www.vaeb.uscourts.gov. Finally, paper copies of all pleadings filed in the chapter 11 cases may be available from the Court.

## II.    Master Service List and Electronic Mail Service.

2.    ***Procedures Established for Notices***.  All (a) notices, motions, applications, and other requests for relief, (b) briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"), and (c) all objections and responses to such Requests for Relief (collectively, the "Objections," and, together with the Requests for Relief and all other filed documents, the "Rule 2002 Court Filings") shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein (the "Notice Procedures").

3.    ***Definition of Entities Entitled to Service***.  All Rule 2002 Court Filings shall be served on the Core Group, the 2002 List, and Affected Entities (each as defined herein and collectively, the "Service List") according to the Notice Procedures. A Rule 2002 Court Filing is deemed not to have been properly served until served, at a minimum, on all of the parties in the Core Group.

    a.    ***Core Group***.  The following entities shall comprise the core group of entities in the Debtors' chapter 11 cases (collectively, the "Core Group"):

        (i)    Office of the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee"), 701 East Broad Street, Suite 4304,

4

Richmond, Virginia 23219, Attn: Kenneth N. Whitehurst III and Shannon F. Pecoraro

(ii)     Pier 1 Imports, Inc., 100 Pier 1 Place, Fort Worth, Texas 76102, Attn: General Counsel;

(iii)     proposed co-counsel for the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Emily E. Geier, and AnnElyse Scarlett Gains, and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn:  Joshua M. Altman;

(iv)     proposed co-counsel for the Debtors, Kutak Rock LLP, 901 East Byrd St., Suite 1000, Richmond, VA 23219, Attn:  Michael A. Condyles, Peter J. Barrett, Jeremy S. Williams, and Brian H. Richardson;

(v)     counsel for any committee appointed pursuant to section 1102 of the Bankruptcy Code;[2]

(vi)     agents under the Debtors' prepetition secured facilities and counsel thereto;

(vii)     counsel to the DIP Administrative Agent;

(viii)     counsel to the DIP ABL Term Agent;

(ix)     counsel to the ad hoc group of term loan lenders;

(x)     the Debtors' Canadian counsel; and

(xi)     any party that has requested notice pursuant to Bankruptcy Rule 2002.

Updated Core Group lists will be provided on the Case Website from time to time.

b.     ***2002 List***.  This group shall be comprised of all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002.

(i)     ***Filing Requests for Documents Requires Email Address***.  A request for service of papers pursuant to Bankruptcy Rules 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper if and only if it includes the following information with request to the party filing such request:  (A) name; (B) street

---

[2]    Before the appointment of an official committee of unsecured creditors and its counsel, service shall be made upon the holders of the Debtors' 30 largest unsecured claims pursuant to Bankruptcy Rule 1007(d).

address; (C) name of client(s), if applicable; (D) telephone number; (E) facsimile number; and (F) electronic mail (or email) address.

(ii) ***Certification Opting Out of Email Service***.  Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the 2002 Notice Request a certification to that effect (the "<u>Certification</u>").  The Certification shall include a statement certifying that the individual or entity (A) does not maintain an email address and (B) cannot practicably obtain an email address at which the individual or entity could receive service by email.

(iii) ***2002 Notice List***.  The Debtors or Epiq shall be responsible for maintaining an updated list of those that have submitted a proper 2002 Notice Request (the "<u>2002 List</u>").  It is the responsibility of each entity submitting a 2002 Notice Request to file with the Court an updated 2002 Notice Request as necessary to reflect changes to any information, including email address and contact person, and serve a copy of such request upon the Debtors.

c. ***Affected Entities***.  This group shall be comprised of all entities with a particularized interest in the subject matter of the particular court filing (each, an "<u>Affected Entity</u>").

4. At least every 15 days during the first 60 days of the chapter 11 cases, and thereafter at least every 30 days, until confirmation of a proposed chapter 11 plan or conversion of the Debtors' cases to another chapter under the Bankruptcy Code, Epiq shall maintain and update the 2002 List by:  (a) making any additions and deletions; (b) serving the updated 2002 List on the parties listed thereon; (c) filing a proof of service; and (d) simultaneously with the filing of the 2002 List, posting an updated version of the 2002 List on the Case Website.

5. ***Waiver of Memorandum of Points and Authorities***.  Notwithstanding Local Bankruptcy Rule 9013-1(G), motions filed without a separate memorandum of points and authorities shall be deemed to include a request for a waiver of a separate memorandum or deemed a single memorandum and motion as allowed by Local Bankruptcy Rule 9013-1(G).

Case 20-30805-KRH    Doc 6    Filed 02/17/20    Entered 02/17/20 13:54:48    Desc Main
Document    Page 24 of 37

6. ***Service of Motions***. With respect to filings for which particular notices are required to be served on all creditors and parties in interest, including Bankruptcy Rules 2002(a)(2)–(6), 4001, 6004, 6007, or 9019, parties shall serve all such filings only on the appropriate Service List by email or by paper copy if an exemption is granted, and in accordance with the following procedures, unless otherwise ordered by the Court:

a. in the case of the use, sale, or lease of property pursuant to section 363 of the Bankruptcy Code, on all creditors, parties in interest and, where applicable, equity security holders;

b. in the case of abandonment of property, on each entity asserting an interest in that property;

c. in the case of a motion for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

d. in the case of a motion relating to the use of cash collateral or obtaining credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

e. in the case of a motion under Bankruptcy Rule 9019, on all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement;

f. in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

g. any objection, opposition, response, reply, or further document filed directly in response to a document shall be served on the entity that filed such document; and

h. all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise directed by the Court.

7. Except as set forth herein or otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

7

a.      Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

b.      Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

c.      Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

d.      Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

e.      Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

f.      Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

g.      Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

h.      Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

i.      Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

j.      Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

k.      Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

8.      ***Notice a Matter for Hearing***.   Parties should consult Local Bankruptcy Rule 9013-1(M) regarding the form and content of notices and visit https://www.vaeb.uscourts.gov/wordpress/?page_id=690 for sample notices.

9.      ***Certificates of Service***.   Notwithstanding Local Bankruptcy Rule 5005-1(C)(8), certificates of service of all Rule 2002 Court Filings, including a Service List, shall be filed by the party seeking relief with the Court within seven days of the completion of noticing any particular matter; *provided*, *however*, that parties shall not be required to include the Service List when serving the certificate of service to such recipients.

8

10.     ***Serving Adversary Proceedings.***  All pleadings and other Court filings in any adversary proceeding commenced in the chapter 11 cases shall be served upon the Core Group, each Affected Entity, and any other entities required to be served under any applicable Bankruptcy Rule or Local Bankruptcy Rule.

## III.     Service by Electronic Mail.

11.     ***Service by Electronic Mail***.  All Rule 2002 Court Filings shall be electronically served on the Court's electronic filing system, other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service.  Subject to the limited exclusions set forth herein, each party that has filed a notice of appearance and a request for service of papers shall be deemed to have consented to electronic service of papers, in accordance with "CM/ECF Policy 9 - Service of Documents" of the Case Management/Electronic Case Files Policy ("CM/ECF Policy").  A party filing a Rule 2002 Court Filing that is served on entities via the Court's electronic filing system has no further obligation for service of such Rule 2002 Court Filing with respect to such entities to be proper.

12.     If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five business days specifically requesting an email address.  If no email address or no Certification is provided in response to such request, such party shall not be added to the 2002 List and shall not be served with copies of pleadings and documents filed in the chapter 11 cases unless such pleadings and/or documents directly affect such party.

13.     The filing deadlines do not require three additional days' notice as set forth in Rule 6(e) of the Federal Rules of Civil Procedure (made applicable to contested matters indirectly

9

by Bankruptcy Rule 9014(b) and to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)) and Bankruptcy Rule 9006(f) when a document is served by electronic or overnight mail, including service, via the Court's electronic filing system.

14.     ***Identification of Attorney***.  As set forth in Local Bankruptcy Rule 5005-1(C)(5), on the first page of every Rule 2002 Court Filing, the attorney filing the same shall be identified by name, state bar number, complete mailing address, telephone number, and the name of the party whom the attorney represents.

**IV.    Omnibus Hearing Dates.**

15.     <u>First Omnibus Hearings</u>.   Periodic omnibus hearings will occur as may be scheduled by the Court (the "<u>Omnibus Hearings</u>").   The Court has set the following dates and times (all prevailing Eastern Time) as the next omnibus hearings:

      a.      _____, 2020, at __:__ _.m.;

      b.      _____, 2020, at __:__ _.m.;

      c.      _____, 2020, at __:__ _.m.;

      d.      _____, 2020, at __:__ _.m.; and

      e.      _____, 2020, at __:__ _.m.

16.     ***Future Omnibus Hearings***.   Throughout the chapter 11 cases, the Debtors shall periodically request that future Omnibus Hearings be scheduled as necessary.   The Debtors, in consultation with the U.S. Trustee, shall send notices of the Omnibus Hearings to the Core Group and 2002 List when the Omnibus Hearings are scheduled, post the schedule of Omnibus Hearings on the Case Website, and file notices of additional Omnibus Hearing dates on a periodic basis with the Court.   For information concerning future Omnibus Hearings that have been scheduled by the Court, entities may visit the Case Website, or contact the Clerk of the Court at 701 Broad Street, Suite 4000, Richmond, Virginia 23219 or by visiting www.vaeb.uscourts.gov.

17.     All Requests for Relief, Objections, and all other matters requiring a hearing in the chapter 11 cases shall be set forth and be heard at an Omnibus Hearing unless otherwise ordered by the Court for good cause shown.  All Requests for Relief and Objections thereto and all other matters will be considered or heard only at Omnibus Hearings, unless the Court orders otherwise, in accordance with the following:

a.     In the event that a party files a Request for Relief at least 21 calendar days prior to the next scheduled Omnibus Hearing, the matter shall be set for hearing on such scheduled Omnibus Hearing and the deadline to file an Objection to such Request for Relief shall be seven calendar days prior to the Omnibus Hearing; *provided*, *however*, the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

b.     In the event that a party files a Request for Relief less than 21 calendar days but at least 14 calendar days prior to the next scheduled Omnibus Hearing, the matter shall be set for hearing on such scheduled Omnibus Hearing and the deadline to file an Objection to such Request for Relief shall be three calendar days prior to the Omnibus Hearing; *provided*, *however*, the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

c.     In the event that a party files a Request for Relief less than 14 calendar days prior to the next scheduled Omnibus Hearing, unless the Court orders otherwise, the matter shall be set for a date other than the next Omnibus Hearing date in accordance with paragraphs (a) and (b) herein.

d.     Notwithstanding any procedure herein, nothing herein shall restrict any entity from requesting an emergency hearing pursuant to the Local Bankruptcy Rules.

18.     ***Procedures Regarding the Omnibus Hearings***.  The following procedures will apply unless the Court orders otherwise:

a.     Except as specifically set forth herein, all notice periods for Requests for Relief shall be computed in accordance with the Bankruptcy Rules and Local Bankruptcy Rules and nothing in these Case Management Procedures shall be deemed to change such requirements.

11

b.      Any notice of an Omnibus Hearing shall conspicuously contain the date and time that the hearing will be held in the event that an Objection is filed in accordance with the applicable rules.

c.      Deadlines for responding to a Request for Relief shall be governed by these Case Management Procedures and the Local Bankruptcy Rules, except to the extent the Local Bankruptcy Rules conflict with these Case Management Procedures, in which case the Case Management Procedures shall govern.  A reply to any responsive pleading must be received no later than 12:00 p.m. (prevailing Eastern Time) on the date that is one business day before the applicable hearing date.

d.      Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a Request for Relief upon shortened notice or to seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

e.      If a party intends to present an order at the Omnibus Hearing different from the order attached to the motion, the Debtors' counsel, to the extent known, shall state on the hearing agenda above that a different order will be presented for entry or file such proposed order with Court in advance of the Omnibus Hearing.

f.      Notwithstanding Local Bankruptcy Rule 9013-1(J), the Debtors' counsel may, without leave of the Court and, unless upon the objection of another non-Debtor party, the Court orders otherwise, adjourn any matter to a subsequent fixed Omnibus Hearing.  If a matter is adjourned, the Debtors' counsel shall update the hearing agenda accordingly.

g.      For the avoidance of doubt, the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

h.      Upon request, the Court may allow counsel to participate in any hearing by telephone.

i.      With the consent of the Court, the Debtors may delay the start time of any previously scheduled Omnibus Hearing to accommodate potential resolution of any matters scheduled for such Omnibus Hearing.

19.     ***Proposed Omnibus Hearing Agenda.***  The Debtors shall prepare Omnibus Hearing

agendas in accordance with the following:

a.      No later than two calendar days prior to each Omnibus Hearing, the Debtors' counsel shall file a proposed agenda with regard to the matters that

12

are scheduled to be heard on such Omnibus Hearing (the "Proposed Hearing Agenda"). The Proposed Hearing Agenda is for the convenience of the Court and counsel and is not determinative of the matters to be heard on that day or whether there will be a settlement or a continuance.

b.   The Proposed Hearing Agenda will include, to the extent known by the Debtors' counsel: (i) the docket number and title of each matter to be scheduled for hearing on such Omnibus Hearing, including the initial filing and any responses, replies, or documents related thereto; (ii) whether the matters are contested or uncontested; (iii) whether the matters have settled or are proposed to be continued; (iv) other comments that will assist the Court; and (v) a suggestion for the order in which the matters should be addressed.

20.    ***Granting the Request for Relief Without a Hearing***.  Provided that the notice filed with the Request for Relief includes a statement that the Request for Relief may be granted and an order entered without a hearing unless a timely Objection is made, after the Objection deadline has passed, and no Objection has been filed or served in accordance with the procedures set forth herein, counsel to the entity that has filed the Request for Relief may file a certification indicating that no Objection has been filed or served on the entity who has filed the Request for Relief and submit an order granting the relief requested.

21.    ***List***.  Notwithstanding Local Bankruptcy Rule 9022-1(B), a proponent of a Request for Relief shall serve an order granting such relief on the Core Group and 2002 List no later than five business two after such order was entered and no service list need be submitted with the proposed order.

**V.      Foreign Attorneys.**

22.    All attorneys shall carefully review the Local Bankruptcy Rules and, in particular, Local Bankruptcy Rule 2090-1 regarding the procedure for appearing and practicing before the Court, which is available on the Court's website at https://www.vaeb.uscourts.gov/wordpress/?wpfb_dl=793.

23.     Pursuant to Local Bankruptcy Rule 2090-1(E)(3), attorneys from other states and

the District of Columbia (each, a "Foreign Attorney") may appear and practice in the chapter 11

cases upon the motion of a member of the bar of the Court, which authorization shall extend to

any adversary proceedings filed in connection with the cases; *provided*, that in all appearances, a

Foreign Attorney must be accompanied by a member of the bar of the Court.  Further, the Eastern

District of Virginia does not allow Foreign Attorneys to electronically file pleadings on CM/ECF,

but does allow Foreign Attorneys to register to become limited participants on its system by

following the procedures set forth in the administrative procedures for CM/ECF cases.  Any

government attorney shall appear and practice in the chapter 11 cases pursuant to Local

Bankruptcy Rule 2090-1(E)(4).

**VI.     Motions for Relief from the Automatic Stay.**

24.     The initial hearing on any motion for relief from the automatic stay shall be a

preliminary hearing unless otherwise agreed to by the Debtors.  Notwithstanding section 362(e) of

the Bankruptcy Code, by setting a hearing on a motion for relief from the automatic stay on an

Omnibus Hearing, a party shall be deemed to have consented to the automatic stay remaining in

full force and effect until the conclusion of the preliminary hearing.  The Court may continue the

effectiveness of the automatic stay until a final hearing on the matter.  Nothing in this section shall

prevent a party from seeking expedited consideration of a motion for relief from the automatic

stay.

**VII.    Evidentiary Hearings.**

25.     Pursuant to Bankruptcy Rule 9014 and in compliance with Local Bankruptcy Rule

9014-1, in the event that a timely Objection is made to a Request for Relief (each,

a "Contested Matter"), the hearing on such a Contested Matter shall be an evidentiary hearing at

14

which witnesses may testify, unless the parties otherwise agree that any such hearing shall not be an evidentiary hearing, in which case, to the extent known by the Debtors' counsel, the Proposed Hearing Agenda shall state as such; *provided*, *however*, that the Debtors' counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtors in good faith believe that the hearing on the particular matter could exceed one hour.

26.     With respect to a timely filed Objection to a Request for Relief and unless otherwise agreed to by the parties, such opposing party must contemporaneously notify the adverse party that it intends to introduce evidence or witnesses at the hearing on the Request for Relief that is the subject of the Objection.  In addition to specifying whether such party intends to introduce evidence or witnesses at the hearing on the Objection, the party must also submit to the adverse party, contemporaneously with the filing of the Objection, proposed deadlines for the parties to identify, with reasonable particularity, and serve on the adverse party, its proposed evidentiary exhibits and witnesses in a written disclosure (each, a "Disclosure"), which Disclosures shall be served only on the adverse party.  Such notices must be received by the adverse party, in writing, immediately upon the filing of such Objection and in any event, no later than three calendar days prior to the scheduled hearing (unless such matter is scheduled on an expedited basis, in which case the parties shall cooperate to exchange the appropriate information as quickly as is feasible).  Failure to provide timely notices as set forth in this paragraph, in the discretion of the Debtors, may result in the exclusion of such evidence.  In the event the parties cannot reach an agreement regarding deadlines for Disclosure, either party may seek appropriate relief from the Court.

27.     Upon reasonable request, the parties subject to a Contested Matter shall provide copies of all proposed evidentiary exhibits and make all witnesses available for deposition at the

expense of the requesting party and within a time period to reasonably facilitate conducting the evidentiary hearing as scheduled.

28.     Parties shall comply with the Court's *Instructions for Preparing Exhibit List and Pre-Marking Exhibits*, available at https://www.vaeb.uscourts.gov/wordpress/?wpfb_dl=250.

29.     Any party subject to a Contested Matter that fails to identify its evidentiary exhibits or witnesses as provided herein may be precluded, at the Court's discretion, from presenting such evidentiary exhibits or witnesses at the hearing on the matter or, alternatively, the hearing shall be adjourned.

30.     Nothing contained herein shall preclude any party from presenting proffers in connection with uncontested matters or agreeing with an opposing party to present proffers in any Contested Matter or otherwise stipulating certain facts or documents into evidence.

16

## Exhibit 2

**Notice**

**Information to identify the case:**

**Debtor:  Pier 1 Imports, Inc**.                                    **EIN: 75-1729843**
**United States Bankruptcy Court for the Eastern District of Virginia**
**Case Number: 20-30805**
**Official Form 309F (For Corporations or Partnerships)**
**Notice of Chapter 11 Bankruptcy Case**                             **12/15**

For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.  This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines.  Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).
**The staff of the bankruptcy clerk's office cannot give legal advice.**
**Do not file this notice with any proof of claim or other filing in the case.**

   1.   **Debtor's full name: See Chart Below**

   2.   **All other names used in the last 8 years: Not Applicable**

| DEBTOR | ADDRESS | CASE NO. | EIN # |
|---|---|---|---|
| Pier 1 Imports, Inc. | 100 Pier 1 Place<br>Fort Worth, Texas 76102 | 20-30805 | 75-1729843 |
| Pier 1 Assets, Inc. | 100 Pier 1 Place<br>Fort Worth, Texas 76102 | 20-30806 | 75-2552025 |
| Pier 1 Holdings, Inc. | 100 Pier 1 Place<br>Fort Worth, Texas 76102 | 20-30807 | 75-2668764 |
| Pier 1 Imports (U.S.), Inc. | 100 Pier 1 Place<br>Fort Worth, Texas 76102 | 20-30808 | 75-1673348 |
| Pier 1 Licensing, Inc. | 100 Pier 1 Place<br>Fort Worth, Texas 76102 | 20-30809 | 75-2552034 |
| Pier 1 Services Company | 100 Pier 1 Place<br>Fort Worth, Texas 76102 | 20-30810 | 75-2668767 |
| Pier 1 Value Services, LLC | 100 Pier 1 Place<br>Fort Worth, Texas 76102 | 20-30804 | 22-3776169 |
| PIR Trading, Inc. | 100 Pier 1 Place<br>Fort Worth, Texas 76102 | 20-30811 | 75-2355471 |

   3.   **Address: See Chart Above**

### 4.  Debtor's attorney

Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
Emily E. Geier (*pro hac vice* admission pending)
AnnElyse Scarlett Gains (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Brian H. Richardson (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:      (804) 644-1700
Facsimile:       (804) 783-6192

-and-

Joshua M. Altman (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

### 5.

| | | |
|---|---|---|
| **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>    You may inspect all records filed in this case at this office or online at www.pacer.gov. | **U.S. Bankruptcy Court**<br>**701 East Broad Street,**<br>**Suite 4000**<br>**Richmond, Virginia 23219** | **Hours open:**<br>**Monday – Friday**<br>**9:00 AM – 4:00 PM ET**<br>**Contact phone  804–916–2400** |

### 6.

| | | |
|---|---|---|
| **Meeting of creditors (if any)**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | **Time and Date To be Determined**<br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:**<br>[_____]<br>[_____] |

### 7. Proof of claim deadline

**Deadline for filing proof of claim: [Not yet set. If a deadline is set, notice will be sent at a later time].**
A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

Your claim will be allowed in the amount scheduled unless:
    Your claim is designated as *disputed, contingent*, or *unliquidated*;
    You file a proof of claim in a different amount; or
    You receive another notice

If your claim is not scheduled or if your claim is designated as *disputed, contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the

2

bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

| **8. Exception to discharge deadline** | |
| --- | --- |
| The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 1141(d)(6)(A). **Deadline for filing the complaint: [To be Determined]** |

**9. Creditors with a foreign address**

If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case.

**10. Filing a Chapter 11 bankruptcy case**

Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business.

**11. Discharge of debts**

Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline.