Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
Emily E. Geier (*pro hac vice* admission pending)
AnnElyse Scarlett Gains (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

-and-

Joshua M. Altman (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Brian H. Richardson (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| PIER 1 IMPORTS, INC., *et al.*,[1] | ) | Case No. 20-30805 (KRH) |
| Debtors. | ) | (Jointly Administered) |

# INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (i) authorizing the Debtors to (a) pay all prepetition and postpetition obligations on account of the Employee

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* filed contemporaneously herewith. The location of the Debtors' service address is 100 Pier 1 Place, Fort Worth, Texas 76102.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Compensation and Benefits Programs in the ordinary course of business and (b) continue to administer the Employee Compensation and Benefits Programs, including payment of prepetition obligations related thereto, (ii) granting related relief, and (iii) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on March 13, 2020, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time on March 6, 2020,

and served on the Notice Parties. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, to: (a) continue and discontinue the Employee Compensation and Benefits Programs in the ordinary course of business during these chapter 11 cases and without the need for further Court approval, subject to applicable law; and (b) pay and honor prepetition amounts outstanding under or related to the Employee Compensation and Benefits Programs in the ordinary course of business; *provided*, that pending entry of the Final Order, the Debtors are not authorized to pay any Educational Reimbursements, Charitable Donations, or any amounts due under the Long-Term Incentive Programs, certain of the Retirement Plans,[3] Non-Insider Employee Severance Program, or Director Compensation; *provided further* that pending entry of the Final Order, the Debtors shall not honor any Employee Compensation and Benefits Programs obligations that have not come due or exceed the priority amounts set forth in sections 507(a)(4) or 507(a)(5) of the Bankruptcy Code.

4. Notwithstanding anything to the contrary herein, pending entry of the Final Order, the Debtors are authorized, but not directed, in their sole discretion, to pay, remit, or reimburse, as applicable, the following prepetition amounts that become due and owing prior to entry of the final order on the Motion:

| **Employee-Related Obligations** | **Interim Amount** |
|---|---|
| Employee Compensation | $9,600,000 |
| Independent Contractor and Temporary Staff Compensation | $347,000 |
| Payroll Processing Fees | $0 |
| Withholding Obligations | $3,800,000 |
| Reimbursable Expenses | $187,100 |
| Charitable Donations | N/A |

3 For the avoidance of doubt, the Debtors are not authorized to pay any amounts due under the Retirement Plans marked as "Final Order Only" in the Motion.

| Employee-Related Obligations | Interim Amount |
|---|---|
| Relocation Expenses | $0 |
| Employee Discount | $0 |
| Non-Insider Employee Incentive Programs | $0 |
| U.S. Health Programs | $2,220,220 |
| Canada Health Programs | $50,000 |
| U.S. Life Insurance and Disability Programs | $51,000 |
| Canada Life Insurance and Disability Programs | $33,000 |
| Workers' Compensation Programs | $910,000 |
| Retirement Plans | $112,000 |
| Paid and Unpaid Leave | $0 |
| Non-Insider Employee Severance Program | N/A |
| Postpetition Non-Employee Director Compensation | N/A |

5. Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course of business. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

6. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of any obligations owed under any Employee Compensation and Benefits Program.

7. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim

Order, without any duty of further inquiry and without liability for following the Debtors' instructions.

8. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code, any foreign bankruptcy or insolvency law, or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

9. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

10. Notwithstanding anything to the contrary in this Interim Order, any payment made or action taken by any of the Debtors pursuant to the authority granted in this Interim Order must be in compliance with, and shall be subject to: (i) any interim or final order approving the Debtors'

use of cash collateral and/or any postpetition financing facility (in either case, the "DIP Order"), (ii) the documentation in respect of any such postpetition financing facility and/or use of cash collateral, and (iii) the budget governing any such postpetition financing and/or use of cash collateral.

11. To the extent there is any inconsistency between the terms of the DIP Order and this Interim Order, the terms of the DIP Order shall control.

12. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

13. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: Feb 18 2020
Richmond, Virginia

/s/ Kevin R Huennekens
United States Bankruptcy Judge

Entered on Docket: Feb 18 2020

WE ASK FOR THIS:

/s/ *Jeremy S. Williams*

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Brian H. Richardson (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

- and -

Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
Emily E. Geier (*pro hac vice* admission pending)
AnnElyse Scarlett Gains (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

Joshua M. Altman (*pro hac vice* admission pending)
300 North LaSalle Street
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ *Jeremy S. Williams*