Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-1000

—and—

Gregg M. Galardi (*pro hac vice* forthcoming)
Daniel G. Egan (*pro hac vice* forthcoming)
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000

*Co-Counsel to Retail Funding (P1), LLC
and Oaktree Value Opportunities Fund, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re<br><br>PIER 1 IMPORTS, INC., *et al.*,<br><br>Debtors.[1] | ) Chapter 11<br>)<br>) Case No. 20-30805 (KRH)<br>)<br>) (Jointly Administered)<br>)<br>) **Re: Dkt. Nos. 25 & 93** |

**RESERVATION OF RIGHTS OF RETAIL FUNDING (P1), LLC AND
OAKTREE VALUE OPPORTUNITIES FUND, L.P. WITH RESPECT TO THE
DEBTORS' MOTION FOR ENTRY OF A FINAL ORDER (I) AUTHORIZING
THE DEBTORS TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING
THE DEBTORS TO USE CASH COLLATERAL, (III) GRANTING LIENS AND
PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS,
(IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING THE
AUTOMATIC STAY, AND (VI) GRANTING RELATED RELIEF**

Retail Funding (P1), LLC, on behalf of itself and certain funds managed thereby and affiliated therewith ("Retail Funding"), and Oaktree Value Opportunities Fund, L.P., on behalf of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief filed contemporaneously herewith. The location of the Debtors' service address is 100 Pier 1 Place, Fort Worth, TX 76102.

itself and certain funds managed thereby and affiliated therewith ("Oaktree" and, together with Retail Funding, the "Term Lenders"), by and through their undersigned counsel, hereby file this reservation of rights with respect to the motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (i) authorizing the Debtors to obtain senior secured postpetition financing, (ii) authorizing the Debtors to use cash collateral, (iii) granting liens and providing superpriority administrative expense status, (iv) granting adequate protection, (v) modifying the automatic stay, and (vi) granting related relief [Dkt. No. 25] (the "DIP Motion").[2] In support hereof, the Term Lenders respectfully state as follows:

1. The Term Lenders are Prepetition Term Loan Lenders under the Prepetition Term Loan Agreement, but are not a party to the Plan Support Agreement, dated as of February 16, 2020, by and among the Debtors and certain consenting Prepetition Term Loan Lenders. The Term Lenders do not oppose the entry of a final order with respect to the DIP Motion, but make this filing to reserve their rights with respect to any ultimate allocation of fees and expenses in these cases and with respect to certain other issues.

2. As set forth in the Interim Order entered on February 18, 2020 in connection with the DIP Motion, the Prepetition Term Loan Agent, for itself and the Prepetition Term Loan Lenders, and the Prepetition ABL Agents, for themselves and the Prepetition ABL Lenders, are parties to an Intercreditor Agreement setting forth, among other things, the relative priority of their liens on and security interests in the Debtors' assets and the order of application of any proceeds with respect to their respective collateral.

3. The DIP Senior Credit Facility preserves this priority structure of liens as between the DIP Secured Parties, on the one hand, and the Prepetition Term Loan Parties, on the other

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the DIP Motion.

hand. Specifically, the DIP Secured Parties will continue to have a first priority lien on the ABL Priority Collateral (now, the DIP Primary Collateral), and the Prepetition Term Loan Parties will continue to have a first priority lien on the Term Priority Collateral. *See* Interim Order ¶¶ 4 and 60.

4. The Debtors are currently running a process in accordance with certain Court-approved bidding procedures (the "Bidding Procedures") pursuant to which the Debtors are seeking to sell all or any portion of their assets either as a going-concern or liquidation. Dkt. No. 102. Accordingly, assets available for sale include the ABL Priority Collateral and the Term Priority Collateral. The Bidding Procedures provide that any bid submitted for all or a portion of the Debtors' assets must, among other things, "use commercially reasonable efforts to indicate the allocation of the Purchase Price between ABL Priority Collateral and Term Priority Collateral." Dkt. No. 102 at Ex. 1.

5. The deadline for interested parties to submit bids for all or part of the Debtors' assets is March 23, 2020, and there is no assurance that any bid or combination of bids will be sufficient to pay in full all DIP Facility Obligations and Prepetition Term Loan Obligations. Also, the budget attached to the DIP Motion contemplates significant administrative fees and expenses during these cases (including professional fees and debt service costs totaling more than $28 million), but the Interim Order does not address how such fees and expenses will be allocated as between the DIP Primary Collateral and the Term Priority Collateral if the sale proceeds are not sufficient.

6. The Prepetition Term Loan Parties should not bear the burden of fees and expenses incurred by the estates to preserve, sell or otherwise dispose of the DIP Primary Collateral. Accordingly, any final order entered with respect to the DIP Motion should make clear that nothing

in such order is intended to finally determine the appropriate allocation of fees and expenses as between the DIP Primary Collateral and the Term Priority Collateral or impair any rights of parties in interest, including the Prepetition Term Loan Parties, with respect to allocation issues.

## RESERVATION OF RIGHTS

7.  The Term Lenders expressly reserve all rights (a) in connection with any allocation as between the DIP Primary Collateral and the Term Priority Collateral of the fees and expenses incurred in administering these cases or in preserving or disposing of the Debtors' assets, including the right ask this Court to make a determination as to the appropriate allocation of such fees and expenses, and (b) to contest any fees, costs, and administrative expenses incurred or proposed to be incurred in these cases.

Dated: March 6, 2020
Richmond, Virginia

Respectfully submitted,

/s/ *Douglas M. Foley*
Douglas M. Foley (VSB No. 34364)
Sarah B. Boehm (VSB No. 45201)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
Email: dfoley@mcguirewoods.com
sboehm@mcguirewoods.com

—and—

Gregg M. Galardi (*pro hac vice* forthcoming)
Daniel G. Egan (*pro hac vice* forthcoming)
Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Email: Gregg.Galardi@ropesgray.com
Daniel.Egan@ropesgray.com

*Co-Counsel to Retail Funding (P1), LLC and Oaktree Value Opportunities Fund, L.P.*