Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier (admitted *pro hac vice*)
AnnElyse Scarlett Gains (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

-and-

Joshua M. Altman (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Brian H. Richardson (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PIER 1 IMPORTS, INC., *et al.*,[1] | Case No. 20-30805 (KRH) |
| Debtors. | (Jointly Administered) |

**ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) establishing procedures for interim compensation and reimbursement of expenses for Professionals, and (ii) granting related

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 76]. The location of the Debtors' service address is 100 Pier 1 Place, Fort Worth, Texas 76102.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. All Professionals in these cases may seek compensation in accordance with the following procedures (collectively, the "Compensation Procedures"):

a. On or after the 21st day of each month following the month for which compensation is sought, each Professional seeking compensation may file an application (each, a "Monthly Fee Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly Fee Statement by hand or overnight delivery, on: (i) the Debtors, Pier 1 Imports, Inc., 100 Pier 1 Place, Fort Worth, Texas 76102, Attn: Ray McKown, Senior Vice President, General Counsel; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., Emily E. Geier, and AnnElyse

Scarlett Gains, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Joshua M. Altman; (iii) proposed co-counsel to the Debtors, Kutak Rock LLP, 901 East Byrd Street, Suite 1000, Richmond Virginia 23219, Attn: Michael A. Condyles, Peter J. Barrett, Jeremy S. Williams, and Brian H. Richardson; (iv) co-counsel to the DIP Agents, Morgan Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn: Marjorie S. Crider (Marjorie.crider@morganlewis.com); (v) co-counsel to the DIP Agents, Hunton Andrews Kurth LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219, Attn: Tyler P. Brown (tpbrown@huntonAK.com) and Justin Paget (jpaget@huntonAK.com); (vi) co-counsel to the DIP Agents, Choate Hall & Stewart, Two International Place, Boston, MA 02110, Attn: Mark D. Silva (msilva@choate.com), John F. Ventola (jventola@choate.com), and Jonathan D. Marshall (jmarshall@choate.com); (vii) counsel to the Consenting Term Lenders, Brown Rudnick LLP, Seven Times Square, New York, New York 10036, Attn: Robert J. Stark (rstark@brownrudnick.com), and Brown Rudnick LLP, One Financial Center, Boston, Massachusetts 02111, Attn: Sharon I. Dwoskin (sdwoskin@brownrudnick.com), Steven D. Pohl (spohl@brownrudnick.com); (viii) counsel to any statutory committee appointed in these cases; and (ix) the Office of The United States Trustee, 701 East Broad Street, Suite 4304, Richmond, Virginia 23219, Attn: Kenneth N. Whitehurst III and Shannon F. Pecoraro (collectively, the "Application Recipients").

b. Each Application Recipient will have until 4:00 p.m. (prevailing Eastern Time) 21 days after service of a Monthly Fee Statement to review such Monthly Fee Statement. Upon the expiration of such 21-day period, the Debtors are authorized and directed to pay the Professional an amount (the "Actual Monthly Payment") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (c) below.

c. If any Application Recipient objects to a Monthly Fee Statement, the objecting party shall, within 21 days of service of the Monthly Fee Statement, serve a written notice upon the respective Professional and each of the other Application Recipients (a "Notice of Objection to Monthly Fee Statement") setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days after service of the Notice of Objection to Monthly Fee Statement, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the respective Professional and each of the other Application Recipients. Thereafter, the Professional may either (i) file with

the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Disputed Amount") or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each, as defined herein), at which time the Court will consider the Objection, if requested by the parties.

d. Each Professional may submit its first Monthly Fee Statement no earlier than April 21, 2020. This initial Monthly Fee Statement will cover the period from the Petition Date through March 31, 2020. Thereafter, the Professionals may file Monthly Fee Statements in the manner described above.

e. Beginning with the period ending on May 31, 2020, and at three-month intervals thereafter (the "Interim Fee Period") until the effective date of any confirmed chapter 11 plan in these chapter 11 cases, each of the Professionals shall file and serve on the Application Recipients an interim fee application (each an "Interim Fee Application") for payment of compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such period. Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on (i) all parties that have entered their appearance pursuant to Bankruptcy Rule 2002; (ii) all entities that comprise the Core Group, as defined in the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 151]; and (iii) all entities with a particularized interest in the subject matter of such Professional's Interim Fee Application. Application Recipients will have 21 days after service of an Interim Fee Application to object thereto. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including May 31, 2020.

f. The Debtors will request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no objections are filed. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all unpaid requested fees (including the 20% holdback) and expenses.

g. The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the

future payment of compensation or reimbursement of expenses under the Compensation Procedures.

3. Neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (b) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

4. In each Interim Fee Application and Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code (collectively, the "Professionals"), unless such attorney is retained by the Debtors pursuant to the *Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business, and (II) Granting Related Relief*, shall (a) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court and (b) make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, in connection with any Interim Fee Application and Final Fee Application to be filed by the Professionals in these chapter 11 cases.

5. Each member of any official committee formed by the U.S. Trustee is permitted to submit statements of reasonable and documented out-of-pocket expenses incurred in the

performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

6. The Professionals shall only be required to serve (a) the Monthly Fee Statements, the Interim Fee Applications, and the Final Fee Application on the Application Recipients, and (b) notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the clerk of this Court and requested notice of pleadings in these chapter 11 cases.

7. Any Professional that fails to file a Monthly Fee Statement or an Interim Fee Application when due shall be ineligible to receive further monthly or interim payments of fees or expenses with respect to any subsequent period until such time as a Monthly Fee Statement or an Interim Fee Application covering the prior period is filed and served by the Professional. There shall be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

8. The Professionals shall file all Final Fee Applications by such deadline as may be established in a confirmed chapter 11 plan or in an order of this Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of this Court.

9. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

10. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

12. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: Mar 17 2020
Richmond, Virginia

/s/ Kevin R Huennekens
United States Bankruptcy Judge

Entered on Docket: Feb 17 2020

WE ASK FOR THIS:

/s/ *Jeremy S. Williams*
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Brian H. Richardson (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192

- and -

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier (admitted *pro hac vice*)
AnnElyse Scarlett Gains (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

Joshua M. Altman (admitted *pro hac vice*)
300 North LaSalle Street
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**CERTIFICATION OF ENDORSEMENT**
**UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ *Jeremy S. Williams*