| | |
|---|---|
| Joshua A. Sussberg, P.C. (admitted *pro hac vice*) | Michael A. Condyles (VA 27807) |
| Emily E. Geier (admitted *pro hac vice*) | Peter J. Barrett (VA 46179) |
| AnnElyse Scarlett Gains (admitted *pro hac vice*) | Jeremy S. Williams (VA 77469) |
| **KIRKLAND & ELLIS LLP** | Brian H. Richardson (VA 92477) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KUTAK ROCK LLP** |
| 601 Lexington Avenue | 901 East Byrd Street, Suite 1000 |
| New York, New York 10022 | Richmond, Virginia 23219-4071 |
| Telephone:  (212) 446-4800 | Telephone:  (804) 644-1700 |
| Facsimile:  (212) 446-4900 | Facsimile:  (804) 783-6192 |

-and-

Joshua M. Altman (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Co-Counsel to the Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PIER 1 IMPORTS, INC., *et al.*,[1] | ) | Case No. 20-30805 (KRH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SUPPLEMENT TO DEBTORS' OMNIBUS MOTION
FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS
TO WIND DOWN OPERATIONS, (II) AUTHORIZING THE DEBTORS
TO CONDUCT STORE CLOSINGS, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] file

this supplement (this "Motion Supplement") in further support of the *Debtors' Omnibus Motion*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 76]. The location of the Debtors' service address is PO BOX 961020, Fort Worth, TX 76161-0020. Or, for delivery by Airborne, Federal Express & other Courier Services: 685 John B. Sias Memorial Parkway Suite 255, Fort Worth, TX 76134.

[2] Capitalized terms used but not otherwise defined in this Motion Supplement shall have the meanings ascribed to them in the Wind-Down Motion or as later defined herein, as applicable.

*for Entry of an Order (I) Authorizing the Debtors to Wind Down Operations, (II) Authorizing the Debtors to Conduct Store Closings, and (III) Granting Related Relief* [Docket No. 671] (the "Wind-Down Motion").  In support of this Motion Supplement, the Debtors respectfully state as follows:

**Preliminary Statement**

1.  On May 19, 2020, the Debtors filed the Wind-Down Motion, seeking approval to wind down operations and granting related relief.  The Wind-Down Motion contemplated that the Debtors, the DIP Lenders, the Ad Hoc Group of Term Lenders, and the Creditors Committee would finalize and execute a Term Sheet and develop a Wind-Down Budget that would bring a consensual resolution to these chapter 11 cases.  The Debtors filed the Term Sheet and current proposed Wind-Down Budget on May 25, 2020 [Docket No. 688].

2.  The Term Sheet contemplates one additional component of the Wind-Down that was not included in the Wind-Down Motion.  Specifically, the Debtors' deadline to assume or reject[3] unexpired leases pursuant to section 365(d)(4) of the Bankruptcy Code (the "365(d)(4) Deadline") is currently September 14, 2020.  *See Order Extending the Time Within Which the Debtors Must Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 346] (the "Extension Order").  The Debtors currently estimate that, as a result of delays caused by COVID-19, they will not be out of the majority of their stores by the 365(d)(4) Deadline; the Debtors currently anticipate completing the Store Closings, and exiting the properties, at approximately 301 stores by no later than the end of September and the remaining

---

[3] At this time, the Debtors intend to reject all leases at the end of the Store Closings.  If the Debtors determine to assume or assume and assign a lease, the Debtors will file a motion before the 365(d)(4) Deadline to preserve this option.  The Debtors consider this a remote possibility.

2

approximately 240 stores by the end of October.[4]  In exchange for the landlords allowing the Debtors to remain in the applicable properties beyond the 365(d)(4) Deadline and until the conclusion of the Store Closings, the Debtors will (a) continue to timely satisfy all rent obligations in the ordinary course of business through the date that the Debtors vacate the premises (with such rent to be paid based on the actual <u>weeks</u> of occupancy), and (b) reimburse the landlord for April and May rent (such rent, the "<u>Deferred Rent Claims</u>")[5] by no later than September 12, 2020.  If the landlords do not consent to this later lease rejection date, the Debtors will work with the landlord to vacate the premises as soon as possible on or around the 365(d)(4) Deadline, and such landlord will be entitled to an administrative expense claim on account of the Deferred Rent Claims, which claim will be treated just as all other administrative expenses in these chapter 11 cases.

3.     The Debtors believe that this process is fair and reasonable under the circumstances and will help to mutually resolve the landlords' concerns regarding the payment of Deferred Rent Claims and the Debtors' need to maintain their occupancy to finish the Store Closings in a value-maximizing manner.  For the avoidance of doubt, (i) the Debtors will pay rent each week (based on the current lease rate) for each week of occupancy through and after the current 365(d)(4) Deadline and abide by other lease terms and (ii) the Debtors currently intend to reject all remaining

---

[4]  The Debtors recognize and concede that this puts the rejection date beyond the Debtors' 365(d)(4) Deadline, but the Debtors will not change their determination regarding whether to reject or assume such lease after the 365(d)(4) Deadline.

[5]  *See* the *Order (I) Approving Relief Related to the Interim Budget, (II) Temporarily Adjourning Certain Motions and Applications for Payments, and (III) Granting Related Relief* [Docket No. 493] (the "<u>Limited Operation Order</u>"); and the *First Supplemental Order (I) Approving Relief Related to the Interim Budget, (II) Temporarily Adjourning Certain Motions and Applications for Payments, and (III) Granting Related Relief* [Docket No. 629] (the "<u>Supplemental Limited Operation Order</u>").

lease upon the conclusion of the Store Closings, and will not change that determination after the 365(d)(4) Deadline.

## Relief Requested

4. As contemplated in the Wind-Down Motion, and as modified to reflect the relief requested in this Motion Supplement, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):

- granting all of the relief requested in the Wind-Down Motion;
- authorizing the Debtors to implement procedures and pay the Deferred Rent Payment in connection with remaining in stores through the end of the Store Closings; and
- granting related relief.

## Background

5. The Debtors are party to a large number of leases with respect to their remaining stores. Pursuant to section 365(d)(4)(A) of the Bankruptcy Code, the Debtors were required to assume or reject the Leases by June 16, 2020 if they did not receive an extension from the Court. On March 13, 2020, the Court entered the Extension Order, thereby extending the deadline to assume or reject the Leases to September 14, 2020. Because the Debtors anticipate the Store Closings will, in some cases, extend beyond September 14, 2020, the Debtors are seeking certain landlords' permission to remain as tenants under certain of the remaining leases beyond the 365(d)(4) Deadline.

6. As the Court is aware, the Debtors' stores were closed in April and May and rent for that period was deferred in accordance with the Limited Operation Order and the Supplemental Limited Operation Order. The Debtors intend to pay all Deferred Rent Claims pursuant to the Limited Operation Order and the Supplemental Limited Operation Order on or prior to September 12, 2020, subject to the procedures described herein.

4

7. **Proposed Procedures**.

    a. The Debtors will file a list of proposed rejection dates for all stores on or prior to July 10, 2020 (the "Rejection Notice").  This list will be subject to change; *provided* that the Debtors will need landlord consent to push any rejection date later than that which is set out in the Rejection Notice.

    b. Any landlord objecting to the proposed rejection date on the grounds that it is beyond the 365(d)(4) Deadline shall be required to file an objection prior to July 24, 2020.

        1. Any landlord objecting to the proposed rejection date set forth on the Rejection Notice that does not subsequently agree to such proposed rejection date will have their Deferred Rent Claims treated as all other administrative claims in these chapter 11 cases.  The Debtors will work with the landlord to vacate the premises as soon as possible on or around the 365(d)(4) Deadline.

    c. Any landlord that does not file an objection prior to July 24, 2020 (each such landlord a "Consenting Landlord") will be deemed to consent to the rejection date set forth on the Rejection Notice and will receive payment of the Deferred Rent amounts on or prior to September 12, 2020 (such payment, the "Deferred Rent Payment").

8. The Debtors believe that the Deferred Rent Payment is reasonable consideration for the benefit of completing the Store Closings in an orderly manner.  As a result of the Debtors' Wind-Down situation, the Debtors have no additional consideration to provide any non-consenting landlords.  The Debtors believe that these procedures provide the opportunity for the greatest recovery for all stakeholders.

9. As further set forth below, the Debtors respectfully request that the Court grant the relief requested herein.

## Basis for Relief

**A. The Use of the Property of the Debtors' Estates to Obtain Landlord Agreement for Retained Possession of the Stores is a Sound Exercise of the Debtors' Business Judgment.**

10. Section 363(b)(1) of the Bankruptcy Code authorizes a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course

of business, property of the estate." 11 U.S.C. § 363(b)(1). To approve a use, sale or lease of property other than in the ordinary course of business, the court must find "some sound business purpose" that satisfies the business judgment test. *See In re W.A. Mallory Co.*, 214 B.R. 834, 836 (Bankr. E.D. Va. 1997); *see also In re Glover*, No. 09-74787 at *4 (SCS) (Bankr. E.D. Va. Mar. 31, 2010) ("The standard in this Circuit is whether the debtor in possession has exercised sound business judgment.") (citing *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1046 (4th Cir. 1985)). Courts generally show great deference to a debtor's decisions when applying the business judgment standard. *See In re Alpha Nat. Res., Inc.*, 546 B.R. 348, 356 (Bankr. E.D. Va. 2016) ("Courts apply the deferential business judgment test when analyzing transactions under § 363(b)(1)."). Deference to a debtor's business judgment is inappropriate only if such business judgment is "so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985).

11. In addition, section 105(a) of the Bankruptcy Code provides, in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. As set forth herein, sound business reasons exist to justify the Debtors using assets of the Debtors' estates as consideration for each landlord's agreement for allowing the Debtors to retain possession of the stores through the Store Closings. Granting the relief requested herein will provide the Debtors with additional time to conclude their wind down and Store Closings. Premature rejections could grievously harm the value realized from the Store Closings and the liquidation of the Debtors' remaining inventory. The Debtors believe, in their business judgment, that the value of taking the requisite time to conduct its operational wind-down far outweighs the

value of any consideration they may give to landlords in conjunction with the relief requested herein.[6]

13. For the foregoing reasons, the Debtors respectfully request that Court authorize, but not direct, the Debtors to follow the procedures set forth herein and provide the Deferred Rent Payment to landlords in exchange for permission to retain possession of the Debtors' remaining stores in order to conduct the Store Closings and Wind-Down.

## Waiver of Memorandum of Points and Authorities

14. The Debtors respectfully request that this Court treat this Motion Supplement as a written memorandum of points and authorities or waive any requirement that this Motion Supplement be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

## Notice

15. The Debtors will provide notice of this Motion Supplement via first class mail, facsimile or email (where available) to: (a) the United States Trustee for the Eastern District of Virginia, Attn: Kenneth N. Whitehurst III and Shannon F. Pecoraro; (b) counsel to the official committee of unsecured creditors; (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the DIP Agents and their respective counsel thereto; (e) the indenture trustee to the Debtors' industrial revenue bonds; (f) counsel to the ad hoc group of term loan lenders; (g) the lenders under certain Company-owned life insurance policies; (h) the Debtors' Canadian counsel; (i) the United States Attorney's Office for the Eastern District of Virginia; (j) the Internal Revenue Service; (k) the office of the attorneys general for the states in which the

---

[6] The Debtors recognize that in the alternative, the Debtors could request relief in the form of an extension of the 365(d)(4) Deadline. The Debtors determined to seek this more limited relief given the certainty of rejection of the leases.

Debtors operate; (l) the Securities and Exchange Commission; (m) the landlords for the Additional Closing Stores; (n) Gordon Brothers Retail Partners LLC, and; (o) other parties that have requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

16. No prior request for the relief sought in this Motion Supplement has been made to this or any other court except as set forth in the Wind-Down Motion.

[*Remainder of page intentionally left blank*]

WHEREFORE, for the reasons set forth herein and in the Wind-Down Motion, the Debtors respectfully request that the Court enter an order granting the relief requested herein and in the Wind-Down Motion and such other and further relief as the Court deems appropriate.

Richmond, Virginia
Dated:  May 26, 2020

*/s/ Jeremy S. Williams*

| | |
|---|---|
| **KUTAK ROCK LLP** | **KIRKLAND & ELLIS LLP** |
| Michael A. Condyles (VA 27807) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Peter J. Barrett (VA 46179) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Jeremy S. Williams (VA 77469) | Emily E. Geier (admitted *pro hac vice*) |
| Brian H. Richardson (VA 92477) | AnnElyse Scarlett Gains (admitted *pro hac vice*) |
| 901 East Byrd Street, Suite 1000 | 601 Lexington Avenue |
| Richmond, Virginia 23219-4071 | New York, New York 10022 |
| Telephone:    (804) 644-1700 | Telephone:    (212) 446-4800 |
| Facsimile:    (804) 783-6192 | Facsimile:    (212) 446-4900 |
| Email:    Michael.Condyles@KutakRock.com | Email:    joshua.sussberg@kirkland.com |
|              Peter.Barrett@KutakRock.com |              emily.geier@kirkland.com |
|              Jeremy.Williams@KutakRock.com |              annelyse.gains@kirkland.com |
|              Brian.Richardson@KutakRock.com | |
| | -and- |
| *Co-Counsel to the Debtors* | |
| *and Debtors in Possession* | Joshua M. Altman (admitted *pro hac vice*) |
| | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:    (312) 862-2000 |
| | Facsimile:    (312) 862-2200 |
| | Email:    josh.altman@kirkland.com |
| | |
| | *Co-Counsel to the Debtors and Debtors in Possession* |

## Exhibit A

**Revised Order**

[To come]