| | |
|---|---|
| Joshua A. Sussberg, P.C. (admitted *pro hac vice*) | Michael A. Condyles (VA 27807) |
| Emily E. Geier (admitted *pro hac vice*) | Peter J. Barrett (VA 46179) |
| AnnElyse Scarlett Gains (admitted *pro hac vice*) | Jeremy S. Williams (VA 77469) |
| **KIRKLAND & ELLIS LLP** | Brian H. Richardson (VA 92477) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KUTAK ROCK LLP** |
| 601 Lexington Avenue | 901 East Byrd Street, Suite 1000 |
| New York, New York 10022 | Richmond, Virginia 23219-4071 |
| Telephone:   (212) 446-4800 | Telephone:   (804) 644-1700 |
| Facsimile:   (212) 446-4900 | Facsimile:   (804) 783-6192 |

-and-

Joshua M. Altman (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

*Co-Counsel to the Debtors and Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PIER 1 IMPORTS, INC., *et al.*,[1] | ) | Case No. 20-30805 (KRH) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## STIPULATION AND AGREED ORDER
## REGARDING THE PLAINTIFF'S MOTION FOR RELIEF FROM THE
## STAY PURSUANT TO 11 U.S.C. § 362(D) TO CONTINUE PENDING LITIGATION

This Stipulation and Agreed Order (the "Stipulation") is entered into between the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Willie Foster (the "Plaintiff" and, together with the Debtors, the "Parties"), who stipulate and agree as follows.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 76]. The location of the Debtors' service address is P.O. Box 961020, Fort Worth, TX 76161-0020. Or, for delivery by Airborne, Federal Express & other Courier Services: 685 John B. Sias Memorial Parkway Suite 255, Fort Worth, TX 76134.

**WHEREAS**, on July 16, 2018, the Plaintiff filed an *Amended Complaint* against Pier 1 Imports (U.S.), Inc. ("Pier 1") and Janice Lamb ("Lamb") in the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida (the "State Court Action") to recover, among other things, damages related to an injury allegedly sustained while employed by Pier 1. *See Foster v. Pier 1 Imports (U.S.), Inc. et al.*, Case No. 50-2018-CA-008020-XXXX-MB (2018).

**WHEREAS**, on February 17, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), which triggered these bankruptcy proceedings (the "Bankruptcy Proceedings"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

**WHEREAS**, upon the Debtors' filing of their chapter 11 petitions, the State Court Action was stayed automatically pursuant to section 362 of the Bankruptcy Code (the "Stay", which defined term shall include any injunction subsequently imposed on the Plaintiff by entry of an order confirming the *Amended Joint Chapter 11 Plan of Pier 1 Imports, Inc. and Its Debtor Affiliates* [Docket No. 759] (as amended, supplemented, and/or modified)). On June 10, 2020, the Plaintiff filed a *Motion for Relief* (the "Motion") [Docket No. 763] seeking to adjudicate, liquidate, and obtain a judgment as to Debtors in the State Court Action and recover from Debtors' insurance policies.

**WHEREAS**, the Parties have agreed to allow the Plaintiff to (a) adjudicate, liquidate, and obtain a judgment as to Debtors and other non-debtor defendants in the State Court Action and (b) execute, levy, and collect upon any judgment rendered in the State Court Action from non-debtor defendants, non-debtor sources, or applicable insurance carriers, if any, only, and not from the

Debtors, their estates, their successors, or their property. The Plaintiff acknowledges that the Debtors have not made any representations or warranties as to the likelihood or possibility of recovery against any non-debtor defendants, non-debtor sources, or insurance coverage, if any.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED** as follows:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. This Stipulation shall not become effective unless and until it is approved and entered by the Bankruptcy Court.

3. The Stay is modified to permit the Plaintiff to (a) continue the State Court Action (and/or re-commence a similar state court action on the same claim as the State Court Action) against Debtors to final judgment or disposition as to Debtors and non-debtor defendants and (b) execute, levy, and collect upon any judgment rendered in the State Court Action from non-debtor defendants, non-debtor sources, or applicable insurance carriers, if any, only, and not from the Debtors, their estates, their successors, or their property.

4. The Stay is modified solely to the extent that non-debtor defendants, non-debtor sources, and/or applicable insurance carriers provide for coverage and/or defense and that any amounts due in connection with defense costs, including attorneys' fees and expenses, with respect to the State Court Action and/or pursuant to a verdict, judgment, or settlement agreement in connection with the Claims, including any related claims for equitable relief, in the State Court Action are paid by other non-debtor defendants, non-debtor sources, and/or applicable insurance carriers, if any, and not by the Debtors, their estates, or their successors.

5. The Debtors, their estates, or their successors shall not be required to fund costs associated with (a) any self-insured retention or deductible liability, (b) any obligation to post any security or deposit with any non-debtor defendants or any insurance carrier pursuant to the terms of an applicable insurance policy, if any, or (c) any other costs of any kind, including, without limitation, attorneys' fees and expenses or amounts due for any non-debtor defendants' or insurance carriers' claims based on indemnification obligations or applicable insurance policies, if any, against the Debtors, their estates, or their successors in the State Court Action.

6. This Order has no impact on all parties' rights to assert or dispute the applicability and enforceability of the insurance policies and all parties' rights are reserved with respect thereto.

7. The Debtors do not stipulate, agree, represent, or warrant that they are liable for or will fund any amounts in connection with the State Court Action. Any payments made on account of claims and/or damages alleged and/or asserted in the State Court Action are subject to the terms, conditions, exclusions, and limitations contained in any applicable insurance agreements. Nothing herein (a) alters or amends the terms, conditions, exclusions, and limitations found in any applicable insurance policy, (b) creates or permits a direct right of action for the Plaintiff against any applicable insurers, or (c) precludes or limits, in any way, any insurer's rights or ability to contest and/or litigate the existence, primacy, and/or scope of available coverage under the applicable policy.

8. The Plaintiffs agree and acknowledge that (a) any recovery arising from the State Court Action (whether by mediation, arbitration, trial, or otherwise) with respect to the Debtors, their estates, their successors, or their property is limited to funds made available from other non-debtor defendants, non-debtor sources, and applicable insurance policies, if any, and not from the Debtors, their estates, their successors, or their property and (b), to the extent that an applicable

insurance policy, if any, or amounts due from any non-debtor defendant or non-debtor source do not satisfy a judgment, settlement, or other disposition with respect to the State Court Action, for any reason, neither the Debtors, their estates, their successors, or their property shall satisfy nor be liable for any such unsatisfied portion, which might otherwise be considered a general unsecured claim in the Bankruptcy Proceedings, and the Plaintiffs shall not seek to collect on any such unsatisfied portion from the Debtors, their estates, their successors, or their property.

9. Any claims filed by the Plaintiff in the above-captioned proceedings shall be deemed amended to reflect an asserted debt of zero dollars without right to amend. The Plaintiff agrees to waive any recovery from the Debtors, their estates, or their successors in their chapter 11 cases. Nothing contained in this Order shall be deemed a waiver of the rights or remedies of the Plaintiff with respect to any available insurance coverage or recovery from any non-debtor parties. Any claims filed by the Plaintiff in the above-captioned proceedings and deemed amended to reflect an asserted debt of zero dollars shall not constitute a valuation of Plaintiff's claims as to any non-debtor defendants, non-debtor sources, and/or applicable insurance carriers.

10. The Debtors, their estates, their successors, and their property are hereby fully, finally, and forever released and discharged from any and all claims, debts, demands, actions, causes of actions, suits, controversies, proceedings, accounts, covenants, agreements, promises, judgments, executions, damages, attorney fees, costs, including out-of-pocket expenses, court costs, expert witness fees, etc., and any other liabilities of any nature whatsoever, whether sounding in contract, tort or otherwise, whether matured or unmatured, accrued or unaccrued, liquidated or unliquidated, absolute or contingent, known or unknown, whether now existing or that might arise hereafter, including, for the avoidance of doubt, the claims that the Plaintiff has asserted or could have asserted against the Debtors, their estates, their successors, or their property.

Plaintiff may still (a) adjudicate (and/or re-commence, if necessary, a similar state court action on the same claim), liquidate, and obtain a judgment as to Debtors and other non-debtor defendants in the State Court Action and (b) execute, levy, and collect upon any judgment rendered in the State Court Action from non-debtor defendants, non-debtor sources, or applicable insurance carriers, if any, only, and not from the Debtors, their estates, their successors, or their property. These agreed upon terms may be reflected as such on the Bankruptcy Court's official claims register.

11. By entering into this Stipulation, neither party is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise with respect to the State Court Action, except as otherwise provided in this Stipulation.

12. The modification of the Stay set forth herein shall have no effect as to parties that are not a party to this Stipulation, except as provided in this Stipulation, and the Stay shall remain in full force and effect with respect to such parties and their claims or causes of action, if any, against the Debtors, their estates, their property, and insurance policies.

13. Neither this Stipulation nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties other than as may be necessary to do the following: (a) obtain approval of or to enforce this Stipulation, (b) seek damages or injunctive relief in connection with any violation(s) of the terms of this Stipulation, or (c) inform the State Court that the Stay is being modified for the sole, limited purpose of allowing the Plaintiff and parties to the State Court Action to effectuate the relief forth herein.

14. The Debtors are authorized to take all actions necessary to effectuate the relief provided by this Stipulation.

15. Neither the Stipulation nor any negotiations and writings in connection with this Stipulation will, in any way, be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party.

16. Each of the Parties hereto represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

17. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instrument.

18. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

19. The Bankruptcy Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation and Agreed Order.

Dated: Jul 30 2020  
Richmond, Virginia

/s/ Kevin R Huennekens  
THE HONORABLE KEVIN R. HUENNEKENS  
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Jul 30 2020

WE ASK FOR THIS:

 /s/ *Jeremy S. Williams*
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Brian H. Richardson (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:     (804) 644-1700
Facsimile:     (804) 783-6192

- and -

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier (admitted *pro hac vice*)
AnnElyse Scarlett Gains (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

Joshua M. Altman (admitted *pro hac vice*)
300 North LaSalle Street
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Co-Counsel to the Debtors and Debtors in Possession*

SEEN AND AGREED:

*/s/ Bruce W. White*
**BRUCE W WHITE, PC**
Bruce W. White, Esq.
8550 Mayland Drive, Suite 206
Richmond, VA 23294
Telephone:  (804) 655-0502
Facsimile:  (804) 288-4329

*Counsel for Willie Foster*

**CERTIFICATION OF ENDORSEMENT
UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ *Jeremy S. Williams*